# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID. No. 1706014715 |
| | ) | |
| | ) | |
| JEREMY FISKE, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted:  November 26, 2025
Decided: January 28, 2026

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE SUMMARILY DISMISSED

Kristina Bensley, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

John Edinger, Esquire, counsel for Defendant Jeremy Fiske.

**O'CONNOR,** Commissioner.

This 28th day of January, 2026, upon consideration of Defendant Jeremy Fiske's *pro se* Motion for Postconviction Relief,[1] a *pro se* Motion for Appointment of Postconviction Counsel,[2] and the record in this matter, the following is my Report and Recommendation.

## I.  PROCEDURAL BACKGROUND

On January 28, 2014, Jeremy Fiske (hereinafter "Defendant") was arrested by the Delaware State Police ("DSP") for Dealing in Child Pornography.[3]  On July 31, 2014, Defendant pled guilty to two counts of Possession of Child Pornography and one count of Unlawful Sexual Contact with a Person Under 18 Years of Age, and this Court immediately sentenced him.[4]  As part of Defendant's sentence, Defendant was ordered, *inter alia*, (a) not to possess or access any device with internet access, and (b) not to have any contact with the minor victim.[5]

On December 14, 2017, Defendant was still on probation from the aforementioned 2014 sentence Order, and his probation officer conducted an administrative search at Defendant's residence in Townsend, Delaware.[6]  During that search, Defendant admitted: (a) he had been accessing the internet to view child

---

[1]  *State v. Jeremy Fiske*, Case No. 1706014715, Docket Item ("D.I.") 35.  Unless specifically noted, all docket item references refer to Superior Court Case No. 1706014715.
[2]  D.I. 36.
[3]  *See State v. Jeremy Fiske,* Case No. 1401016757, D.I. 1.
[4]  *Id.*
[5]  *Id.*, D.I. 14.
[6]  *Fiske*, Case No. 1706014715, Adult Complaint and Warrant, p. 7.

2

pornography (in violation of the conditions of his probation) and (b) he possessed "computer tablets under his mattress."[7]   Based on Defendant's statements, the probation officer seized the digital devices from under Defendant's mattress, and a subsequent search of those devices by DSP resulted in the recovery of "at least 25 images of child pornography."[8]

As a result of the DSP investigation, on September 18, 2017, the State of Delaware indicted Defendant for twenty-five counts of Dealing in Child Pornography.[9]  On November 13, 2017, the State of Delaware re-indicted Defendant for twenty-five counts of Dealing in Child Pornography and one count of Sex Offender Unlawful Sexual Conduct Against a Child.[10]

On February 5, 2018, Defendant pled guilty to two counts of Dealing in Child Pornography and one count of Sex Offender Unlawful Sexual Contact Against a Child.[11]  This Court deferred Defendant's sentencing hearing for the completion of a presentence investigation.[12]  On July 27, 2018, this Court imposed an aggregate sentence of seventy-five years Level V, suspended after serving ten years Level V, followed by probation.[13]  Defendant did not appeal his conviction or sentence.

---

[7] *Id.*
[8] *Id.*, p. 8.
[9] D.I. 26.
[10] +D.I. 42.
[11] D.I. 14.
[12] *Id.*
[13] D.I. 17, Sentence Order.

On April 1, 2025, Defendant filed an untimely *pro se* Motion for Postconviction Relief ("Motion").[14] In the Motion, Defendant raised three claims. First, he argued he did not knowingly and voluntarily plead guilty.[15] Second, Defendant claimed his attorney provided ineffective representation by pressured him to plead guilty without a full understanding of what he was pleading to. Finally, Defendant asserted he was factually innocent because "the judge clearly [had] no idea who the supposed victim [was]."[16] These claims will be addressed *infra*.

## II. DISCUSSION

### A. MOTION FOR POSTCONVICTION RELIEF

Superior Court Criminal Rule ("Rule") 61 provides an individual with a limited opportunity to seek postconviction relief.[17] The purpose of postconviction relief is "to correct errors in the trial process, not to allow defendants unlimited opportunities to relitigate their convictions."[18] Before considering the merits of any postconviction relief motion, this Court must first apply Rule 61's procedural bars. A motion for postconviction relief can be procedurally barred as untimely filed, repetitive, formerly adjudicated, or procedurally defaulted.[19] The bars to relief also

---

[14] D.I. 35.
[15] D.I. 35, p. 3.
[16] *Id.*
[17] *State v. Washington*, 2021 WL 5232259, at *4 (Del. Super. Ct. Nov. 9, 2021), *aff'd, Washington v. State,* 275 A.3d 1258 (Del. 2022).
[18] *Ploof v. State*, 75 A.3d 811, 820 (Del. 2013).
[19] *Washington*, 2021 WL 5232259, at *4.

do not apply to claims raised after a trial resulting in a conviction where (a) this Court lacked jurisdiction, or (b) it is pled with particularity that new evidence exists which creates a strong inference of actual innocence.[20]

### 1. Procedural Bars

Applying Rule 61's procedural bars here, Defendant's Motion is untimely filed pursuant to Rule 61(i)(1) by more than five years. To have filed a timely postconviction motion, Defendant would have had to file a motion with this Court on or before August 26, 2019 – one year and thirty days after this Court imposed sentence.[21]

Rule 61(i)(1) also permits a litigant to file a motion for postconviction relief more than one year after the judgment of conviction is final if the motion "asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court."[22] However, Defendant has not claimed this exception to avoid the procedural default.[23] Therefore, Defendant's motion is subject to summary dismissal.

---

[20] Super. Ct. Crim. R. 61(d)(2).

[21] Rule 61(i)(1) provides that a postconviction relief motion cannot be filed more than one year after the judgement of conviction is final. And, as Defendant did not file a direct appeal, the judgment of conviction became final thirty days after this Court imposed sentence. *See* Super. Ct. Crim. R. 61(m)(1)(i).

[22] *See* Super. Ct. Crim. R. 61(i)(1). This exception is inapplicable here, as Defendant entered a plea and was not convicted after a trial.

[23] *Id.*

In addition to Rule 61(i)(1)'s procedural bar, Rule 61(i)(3) applies to individual claims raised by a defendant. It prohibits the filing of "any ground for relief not asserted in the proceedings leading to the judgment of conviction . . . unless the movant shows cause for relief from the procedural default, or prejudice from a violation of the movant's rights."[24] Rule 61(i)(3)'s procedural bar applies to Defendant's first and third claims for relief as he failed to raise these claims in the proceedings leading to the judgment of conviction. Rule 61(i)(3) also includes an exception to its procedural bar if Defendant provides cause for relief from the procedural default or prejudice as required by Rule 61(i)(3)(A)&(B), but Defendant did not assert this exception to preclude the application of Rule 61(i)(3). Therefore, claims one and three are subject to summary dismissal for a second, independent reason.

Finally, Rule 61(i)(5) allows a defendant to avoid the application of the aforementioned procedural bars where a defendant claims this Court lacked jurisdiction, or a claim that satisfies the pleading requirements of Rule 61(d)(2)(i)-(ii).[25] Defendant's Motion does not identify a jurisdictional defect, nor was he convicted after a trial, so he cannot avail himself of the relief provided in Rule 61(d)(2).[26] Therefore, Defendant's Motion remains subject to summary dismissal.

---

[24] *See* Super. Ct. Crim. R. 61(i)(3).
[25] *See* Super. Ct. Crim. R. 61(i)(5).
[26] *See* Super. Ct. Crim. R. 61(d)(2)(i) – (ii).

Even if Defendant's Motion were not subject to summary dismissal, Defendant's claims are meritless. Each of the claims are briefly considered below.

## b. Consideration of Defendant's claims.

Defendant first claims he did not knowingly or voluntarily plead guilty – he states in conclusory fashion that he did not know what crimes he was pleading guilty to. But, the record of his plea and sentencing proves otherwise.

First, prior to entering the plea, Defendant completed the Truth In Sentencing Guilty Plea Form ("TIS Form").[27] On the TIS Form, Defendant denied being under the influence of drugs or alcohol at the time of the plea, and when entering the plea, he acknowledged he was freely and voluntarily plead guilty to the charged offenses in the Plea Agreement; he affirmed had not been promised anything not listed on the Plea Agreement; he confirmed neither his counsel, the State, nor anyone else threatened or forced him to enter the plea; he read and understood all of the information on the TIS Form; and he acknowledged in writing that all of his answers on the TIS Form were truthful.[28]

Moreover, during the February 5, 2018 plea colloquy, counsel for Defendant informed this Court that he believed Defendant was entering the plea knowingly, intelligently and voluntarily, and Defendant confirmed same on the record.[29] This

---

[27] D.I. 14.
[28] *Id.*
[29] D.I. 42, 6:3-23.

Court then reviewed each of the charges Defendant was pleading guilty to, and Defendant pled guilty to each charge admitting he did, in fact, commit those offenses.[30] This Court also confirmed Defendant reviewed the Plea Agreement and the TIS Form with counsel, and Defendant acknowledged he understood the content of the forms, reviewed the forms with counsel, and any questions he may have had were answered by counsel to his satisfaction.[31] Finally, Defendant affirmed again that no one forced or threatened him to enter the guilty plea.[32]

It is well established that a defendant is bound by statements they made during a plea colloquy.[33] Defendant's belated claims of entering an unknowing and involuntary plea, or his assertion that his attorney compelled him to plead guilty without a full understanding of what he was pleading guilty to, or that he entered the plea under threat or coercion, are all unsupported by the record. In fact, the contents of the TIS Form, the Plea Agreement, and the transcript of the February 5, 2018 plea colloquy prove otherwise. Defendant's claims to the contrary, more than five years after entering the plea, are simply not credible.[34]

---

[30] *Id.*, 10:6 – 13:1.

[31] *Id.*, 15:15 – 16:21.

[32] *Id.*, 16:17 – 21.

[33] *Palmer v. State*, 2002 WL 31546531, at *1 (Del. 2002), (citing *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997)).

[34] To the extent Defendant's ineffective assistance of counsel claim need be addressed further – that trial counsel was ineffective because trial counsel threatened or pushed him to plead guilty – the record does not support Defendant's claim.

Finally, Defendant raises a claim of factual innocence, despite admitting on the record that he, in fact, committed the crimes he pled guilty to. To establish this claim, Defendant indicates "in my sentencing transcript on page 14, line 22, the judge clearly has no idea who the supposed victim is, misapprehending it as to N.H. when it was already established, I only contacted N.H. on Facebook."[35] Defendant confuses the entry of his guilty plea to comments made by the sentencing judge on a later date, and even if the judge's sentencing comments suggested the judge was confused (and they do not), that does not rise to a claim of factual innocence. As is discussed below, Defendant's claim is meritless.

During the plea colloquy, Defendant pled guilty to Count 26 – Sex Offender Unlawful Sexual Contact Against a Child.[36] The Reindictment, tracking 11 *Del. C.* Section 777A of the Delaware Code, provides as follows:

> JEREMY FISKE, on or between the 23rd day of August 2016 and the 14th day of February, 2017, in the County of New Castle, State of Delaware, being a sex offender, did knowingly commit Dealing in Child Pornography, a sexual offense as defined in Section 761(h) of Title 11 of the Delaware Code, as amended, while being a Tier II registered sex offender as a result of a conviction in case number 1401016757 for Unlawful Sexual Contact in the Second Degree, in the Superior Court of the State of Delaware in and for New Castle County, on or about the 31st day of July, 2014.

---

[35] D.I. 35, p. 3. To prevent disclosure of the identity of Defendant's prior victim, initials are substituted by the Court.
[36] D.I. 14.

9

When Defendant entered the plea to this charge on February 5, 2018, this Court read him the statutory language from the Reindictment.[37] And, during the plea colloquy, Defendant affirmed that he both understood that charge and plead guilty to it because he did, in fact, commit that charged offense.[38] Defendant now argues factual innocence based on a comment from the sentencing judge regarding contact Defendant had with N.H., but the record does not support Defendant's factual innocence claim.

At the sentencing hearing on July 27, 2018, the State alerted the Court to the fact that a condition of Defendant's 2014 sentence Order was that he was to have no unlawful contact with the minor victim of the 2014 investigation and prosecution.[39] The same minor victim was briefly discussed in Defendant's 2018 sentencing hearing because the mother of the minor victim kickstarted the law enforcement investigation when she contacted the Internet Crimes Against Children Task Force ("Task Force") to advise them Defendant contacted her minor son multiple times in violation of the 2014 no-contact order.[40] Following up on the mother's report, a detective from the Task Force contacted Defendant's probation officer, who then conducted an administrative search – resulting in Defendant's incriminating

---

[37] D.I. 42, 11:19 – 12:15.
[38] *Id.*, 12:13 – 13:1.
[39] D.I. 33, 4:5 – 11.
[40] *Id.*, 4:12 – 18.

statements as well as the aforementioned seizure of digital devices supporting the 2017 prosecution.[41] At Defendant's 2018 sentencing, the State suggested to the Court that Defendant's prohibited contact with the minor victim should be considered an aggravating factor for sentencing purposes.[42]

Once the State concluded its sentencing comments, the Court asked the State whether N.H. was the prior victim from the 2014 prosecution, as contact with N.H. was a violation of a condition of his former probationary sentence.[43] The State confirmed N.H. was the same victim. A short time later, the Court identified several potential mitigating factors under SENTAC: Defendant demonstrated remorse, he cooperated with the investigation, and accepted responsibility for his actions. When this Court afforded Defendant an opportunity to speak, the Judge asked him if he "knew it was wrong to contact N.H. again?" – a clear reference to the State's comment that N.H.'s mother contacted law enforcement because Defendant was in violation of the no-contact order. Defendant then acknowledged it was wrong to contact the victim, and explained he contacted the minor victim to tell him he was sorry.[44]

---

[41] *Id.*, 4:19 – 5:1.
[42] *Id.*, 6:4 – 7; 8:1 – 6.
[43] *Id.*, 8:13 – 22.
[44] *Id.*, 14: 1 – 5.

Prior to imposing sentence, this Court acknowledged several aggravating factors (repetitive criminal conduct, vulnerability of the victim, offense against a child, and undue depreciation of the offense), and a mitigating factor – Defendant's treatment needs. But this Court's statement – that it was "very concerning to the Court that it's the same person [N.H.]" – neither reflects confusion nor that Defendant is factually innocent. In fact, N.H. is not identified in Count 26, and identifying a specific victim is not an element of that crime. The State's sentencing comments established Defendant's probation officer was alerted to the fact that Defendant had contacted N.H., violating his probation, and this Court expressed concern that Defendant contacted N.H. after he was specifically ordered not to do so. Defendant's claim of factual innocence is meritless and unsupported by the record.

## B. MOTION FOR APPOINTMENT OF POSTCONVICTION COUNSEL

As noted above, Defendant also filed a *pro se* motion for appointment of postconviction counsel.[45] Rule 61(e)(3) sets the applicable standard for the appointment of postconviction counsel, providing this Court discretion to appoint postconviction counsel, so long as *all* conditions of the Rule are met.[46] The Rule provides:

---

[45] D.I. 36.
[46] Super. Ct. Crim. R. 61(e)(3).

The judge may appoint counsel for an indigent movant's first timely postconviction motion and request for appointment of counsel if the motion seeks to set aside a judgment of conviction that resulted from a plea of guilty or nolo contendere only if the judge determines that: (i) the conviction has been affirmed by final order upon direct appellate review or direct appellate review is unavailable; (ii) the motion sets forth a substantial claim that the movant received ineffective assistance of counsel in relation to the plea of guilty or nolo contendere; (iii) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and (iv) specific exceptional circumstances warrant the appointment of counsel.[47]

Where a Defendant fails to meet *any* of the stated conditions found in the Rule, they are ineligible for appointment of postconviction counsel. Here, Defendant did not satisfy many elements of the Rule. Defendant did not file a direct appeal with the Delaware Supreme Court; his claims, including the ineffective assistance of counsel claim, are meritless and unsupported by the record; and Defendant failed to assert any exceptional circumstances that would warrant the appointment of counsel. Therefore, Defendant is ineligible for appointment of postconviction counsel.

---

[47] *Id.*

13

## III. CONCLUSION

For all the aforestated reasons, I recommend Defendant's Motion for the Appointment of Postconviction Counsel be **DENIED**, and Defendant's Motion for Postconviction Relief be **SUMMARILY DISMISSED.**

**IT IS SO RECOMMENDED.**

/s/ Martin B. O'Connor
Commissioner

oc:    Prothonotary